UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>TORRINGTON BOARD OF EDUCATION, CHERYL KLOCZKO, JOANNE CREEDON, CHARLES MCSPIRIT, DANIEL DUNAJ, JOHANNA DEZURIK, GERARD CARBONE, and MICHAEL MCKENNA,<br>    Defendants. | No. 3:15-cv-452 (MPS) |

**RULINGS ON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

Plaintiff John Doe brings this action alleging that he was bullied and sexually assaulted as a result of the Defendants' negligence while he was a student at Torrington High School. In 2012 and 2013, the Connecticut Department of Children and Families (DCF) conducted investigations after receiving reports of incidents of bullying, hazing, and sexual assault involving the Torrington High School football team. Details about the investigations, including descriptions of witness statements, documents, and statements from school administrators, are memorialized in Investigation Protocols. (*See* 2012 Investigation Protocol [Exhibit 62], ECF No. 176-1; 2013 Investigation Protocol [Exhibit 91], ECF No. 176-3.) DCF also summarized the 2012 investigation in a fax sent to a detective with the Torrington Police Department. (2012 Investigation Fax [Exhibit 63], ECF No. 176-2.) The Defendants now move to preclude Doe from offering these documents at trial, arguing that they are inadmissible hearsay (Motion to Preclude Hearsay Evidence, ECF No. 167), and that their probative value is substantially outweighed by the risk of prejudice

(Motion to Preclude Irrelevant and Unduly Prejudicial Evidence, ECF No. 168).[1] Doe argues that (1) the documents are admissible under the public records exception to the hearsay rule, Fed. R. Evid. 803(8)(b)(iii), and (2) they are not hearsay because they are not offered for their truth but to show that the Defendants had notice of bullying, hazing, and assaults relating to the football team. There are multiple levels of hearsay in the documents and Doe has failed to show he can lay a proper foundation for this non-hearsay purpose. Further, I conclude that the 2012 DCF Protocol, 2013 DCF Protocol, and 2012 Investigation Fax must be excluded because their probative value is substantially outweighed by the risk of prejudice and confusing the jury.

First, Doe has not demonstrated that he could lay a proper foundation for the non-hearsay purpose he offers in support of introducing the documents. Even if the documents were admissible under Fed. R. Evid. 803(8)(b)(iii), that would only resolve the first level of hearsay.[2] The documents are replete with nested hearsay statements from students and administrators. (*See, e.g.*, ECF No. 176-1 at 16-23 (summarizing several interviews with members of the football team).) The documents are only admissible, then, if the each of these nested statements are subject to a hearsay exception or are offered for a legitimate non-hearsay purpose. Doe argues that the reports show the Defendants had notice of incidents at the school. A jury could not draw such an inference without evidence that the reports were provided to the Defendants. Here, the authors of the reports have indicated that they cannot recall whether they provided the reports to the Defendants, though one author suggested that reviewing the documents might "trigger her memory." (ECF No. 201 at 1, 3.) The Assistant Agency Legal Director for DCF informed defense counsel that the protocols

---

[1] My rulings on Defendants other evidentiary objections to specific trial exhibits are summarized below.

[2] In any event, the Defendants have shown—by pointing out that the documents include anonymous reports, speculation, and multiple levels of hearsay—that "circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B).

are not sent to the parties to an investigation unless specifically requested. (ECF No. 203 at 4.) Doe has not demonstrated that the Defendants requested the protocols here. Finally, one of the authors of the reports testified in his deposition that individuals who are identified as "alleged perpetrators" in investigation protocols cannot be given a copy of the report. (ECF No. 201 at 4.) Five of the Defendants were named as "alleged perpetrators" in the 2013 DCF Protocol, and thus would not have received the report as a matter of DCF policy. (*Id.*) Doe has not pointed to any direct evidence that the Defendants were aware of the content of the reports. As a result, he has failed to demonstrate that he can lay a foundation to admit the documents for his proposed non-hearsay purpose.

Even if Doe could show that the Defendants received copies of the documents, I would still exclude them under Fed. R. Evid. 403. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the probative value of the documents themselves is low given the multiple levels of hearsay and anonymous reports, as well as the fact that the authors of the reports can be called to testify. (Joint Trial Memorandum, ECF No. 186 at 5-6 (stating that Tracy Roche, author of the 2012 protocol, and John Kuzmech, author of the 2013 protocol and fax, will testify).)[3] Most importantly, the authors may testify about the information that they provided to the Defendants in the course of their investigations, provided the Plaintiff shows that such information is relevant to his claims. Both authors may also review the DCF Protocols to refresh their memories. Thus, the documents themselves would not provide significant new information to the

---

[3] The Court does not intend to suggest that any such testimony will be admissible, only that it is likely to be limitable to relevant topics.

jury. Further, the testimony of the authors would not present the dangers described below as their testimony could be limited to what they actually told the Defendants about reports they had received from students and parents at the time, again, to the extent the Plaintiff shows such information is relevant.

The documents also pose a significant risk of unfair prejudice and confusing the jury. First, the 2012 DCF Protocol describes anonymous, unsubstantiated reports of prescription and illicit drug use among football players at Torrington High School. (*See* ECF No. 176-1 at 13 ("Parents called saying players are 'high on marijuana' during games . . . Parent called saying coaches give children painkillers.").) These allegations are not related to the allegations of bullying in the complaint. Second, the 2012 Investigation Fax mirrors the statements in the 2012 DCF Protocol, and the fact that it was sent to a detective in the Torrington Police Department suggests that the events in the 2012 DCF Protocol amounted to criminal conduct, though it does not appear that any charges were filed. (*See* 2012 DCF Protocol, ECF No. 176-1 at 6 ("Juvenile States Attorney stated that the incident did not fit the definition of a hazing because under the definition, the actor must intentionally or recklessly endanger the health or well being of the victim.").) Finally, the 2013 DCF Protocol contains a lengthy "Disposition" that makes findings of fact—findings that in this case are reserved for the jury. (*See* ECF No. 176-3 at 21 ("There were also several systemic issues with regards to Torrington High School's handling of bullying, which were concerning.").) The same document states conclusions of law reserved for the Court. (*Id.* (concluding that "[t]he law is that when bullying is witnessed by or reported to any school employee [must take four steps] . . . . lt appears that none of this process is in place on a regular basis.").) This section also presents inadmissible opinion testimony by a lay witness. *See* Fed. R. Evid. 701. Allowing the jury to review the Protocols in their entirety would create a risk of unfair prejudice to the Defendants, and

could cause confusion about the jurors' roles. As a result, the 2012 and 2013 DCF Protocols and 2012 Investigation Fax must be excluded.

Rulings on the remainder of the Defendants objections to Doe's proposed exhibits are listed in the table below. I assume familiarity with the objections raised in the parties' Joint Trial Memorandum (ECF No. 186 at 17–31), and Defendants' motions *in limine* (ECF Nos. 167, 168, 169).

| Exhibit Number(s) | Ruling |
|---|---|
| 3 | SUSTAINED. Relevance/403—unless the Plaintiff can lay foundation that the document was operative or in effect when the Plaintiff was a student at THS. |
| 4 | SUSTAINED. Relevance/403. In the Court's ruling on the motion for default, the Court noted that the Plaintiff had pointed to no evidence that any defendant, including Ms. Kloczko, had intentionally destroyed records after the Plaintiff filed his CHRO complaint. As the Court noted, such evidence of intent is required for the Court to impose any of the sanctions set forth in Rule 37(e), including an adverse inference instruction or presuming the lost information was unfavorable, at least with respect to electronic information. While the absence of evidence of intent does not, by itself, make the evidence inadmissible, the Court finds that the probative value of the evidence that one defendant, the superintendent, neglected to retain her records when she retired, is substantially outweighed by the dangers of unfair prejudice to the defendants (especially the other defendants) and of confusing the issues or misleading the jury. The exhibits reviewed by the Court do not suggest that the superintendent was likely to have been the sole holder of any document related to the Plaintiff's complaints of bullying, or anyone else's, as she was, as far as the other exhibits suggest, generally at or near the top of the reporting chain; it is thus unlikely that she destroyed any relevant documents of which the Plaintiff was not otherwise able to obtain copies from other defendants. Further, without an instruction from the Court as to why the document retention policy - or a violation of it - was relevant to the Plaintiff's claims, the jury would be encouraged to speculate about the content of the missing documents and how they might help the Plaintiff's case. And, as noted, the absence of evidence of intent precludes the giving of an adverse inference instruction with respect to electronic records. Finally, the Court gave the Plaintiff an opportunity to submit further evidence and argument on this issue when it ruled on the motion for default, in particular, it directed the Plaintiff to file a motion in limine if the Plaintiff wanted to renew the issue. The Plaintiff did not do so and, more generally, has failed to sustain his burden to show why the document retention policy is relevant and admissible. |
| 5 | SUSTAINED. Relevance/403, unless the Plaintiff can lay a foundation that it was operative or in effect when the Plaintiff was a student at THS. |
| 6 | SUSTAINED. Relevance/403. |

| | |
|---|---|
| 9 | OVERRULED. The evidence may be admitted provided that the Plaintiff lays a foundation that the superintendent or another defendant saw it or should have seen it (e.g., it was in the superintendent's file). |
| 11 | OVERRULED. The evidence may be admitted provided that the Plaintiff lays a foundation that a defendant saw it or attended the presentation or that it was in one of the defendants' files. |
| **20 & 21** | SUSTAINED. Statutes are not evidence. |
| **22** | SUSTAINED. Rule 403—especially in light of the date and the remoteness from the conduct alleged in this case |
| 23 | SUSTAINED IN PART as to the complaint and its contents. Rule 403. The fact that Dunaj was sued in 2006 for his alleged treatment of a student on the track team is relevant, but only if a foundation can be laid that the other defendants (a) were involved in hiring Dunaj, and (b) would have learned of the complaint had an adequate hiring investigation been undertaken. But beyond that brief, general description, the content of the complaint is irrelevant or, if it has some relevance, its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. It is also hearsay and there is some danger a jury would be confused about a limiting instruction; there is also, to the Court's knowledge, no evidence that the complaint was substantiated. Of course, if a foundation is laid that the defendants should have known, and Dunaj himself refuses to admit he was sued, then the Court will allow the Plaintiff to introduce the complaint with a limiting instruction. |
| 24 | SUSTAINED. Rule 403 and Rule 404(b). This is a 4/24/06 memo from Seymour which was apparently included in Dunaj's personnel file, but it expressly indicates no finding of a violation of the sexual harassment or bullying policy. There is a danger the jury will treat it as an indication of a propensity on the part of Dunaj, and the probative value as to notice is minimal given that there is no finding of wrongdoing or other discipline. |
| 25 | OVERRULED. The evidence may be admitted provided that plaintiff lays a foundation that defendants should have been aware of it. Although this exhibit is similar to Exhibit 24, here there was a finding of wrongdoing (a violation of Code of Professional Responsibility) and so the document has some probative value on the notice issue. The Court will give a limiting instruction if one is requested by defendants. |
| 26 | OVERRULED. See ruling as to exhibit 25. |
| 28 | OVERRULED in part as to the relevance objection. The authenticity objection will also be overruled if there is a witness who will testify that the document comes from Dunaj's personnel file. |
| **32 & 33** | SUSTAINED. The complaint does not mention Burns, he is not a party, and Plaintiff has failed in the JTM to show that documents related to his hiring are relevant. |
| **34-38** | OVERRULED. |
| **39–40** | SUSTAINED. Relevance and Rule 403. Plaintiff has failed to show why Dunaj's contract, compensation, or payroll documents are relevant. This evidence also presents a risk of undue prejudice. |

| | |
|---|---|
| 41 | OVERRULED. The evidence may be admitted provided the Plaintiff establishes that the document was created at a relevant time, lays a foundation, and establishes its authenticity. Further, the Court will give a limiting instruction that the document may not be considered as evidence of Dunaj's propensity with respect to supervision of the football team. |
| 42 & 43 | OVERRULED. The Court will give a limiting instruction as described in the ruling on Ex. 41. |
| 47, 55–58, 60, 61 | The Court will reserve ruling on Exs. 47, 55–58, 60, and 61 until it has determined that Plaintiff has laid a foundation that the events occurring in the football locker room from September 2012 and therefore are relevant to the Plaintiff's claims that he was injured as a result of the actions or inaction of one or more defendants. |
| 52 | SUSTAINED. Relevance/403/404(b). As the Court understands the parties' description, neither Doe nor other members of the football team were involved in the incident discussed in the letter. Further, the letter is inadmissible under Rule 404(b) as it would suggest to the jury that Creedon had a propensity to respond inadequately to bullying and failed to respond adequately in the Plaintiff's case. Nonetheless, if the defendants suggest that they had adequate policies in place at all relevant times, this could open the door to admitting this letter to rebut that suggestion. |
| 53 | SUSTAINED. Relevance. The evidence may not be admitted unless a witness testifies that the accountability standards were in effect at a relevant time. |
| 59 | SUSTAINED. Multiple levels of hearsay and Rule 403. A limiting instruction would be difficult to follow; some of document is irrelevant or inadmissible under Rule 403 (e.g., conversation with prosecutor). |
| 62 & 63 | SUSTAINED. Rule 403. Both documents contain multiple levels of hearsay and opinion by lay witnesses. See ruling on 2012 DCF Protocol above. |
| 64 & 65 | The Court will reserve ruling on Exs. 64 and 65 for the same reasons stated for Ex. 47. But the Court notes that the statements in Exhibit 64 are broad enough to be admissible for impeachment if necessary. |
| 66 | SUSTAINED. Rule 403, hearsay (multiple levels), opinions by lay witness. |
| 67 | SUSTAINED. Hearsay (multiple levels), opinions by lay witnesses, Rule 403. |
| 90–92 | SUSTAINED. Hearsay (multiple levels). See ruling on 2013 DCF Protocol above. See also rulings as to Exs. 62 & 63. Plus, the timing of Ex. 92 dminishes any probative value it might have. |
| 93 | SUSTAINED. see rulings as to Exs. 90-92; also, the document is dated too late to be relevant. |
| 95 | SUSTAINED. Hearsay and Rule 403. |
| 96 | SUSTAINED. This document is a duplicate of Ex. 66. |
| 100 | See ruling on Ex. 47. |
| 101 | OVERRULED. |
| 102 | SUSTAINED. See ruling as to Exs. 32-33. |
| 105 | See ruling on Ex. 47. |
| 106 | SUSTAINED. Rule 403, hearsay, opinion by lay witness. |

| | |
|---|---|
| 107 | SUSTAINED. Relevance/403 and opinion by lay witness. However, if the defendants deny knowledge of these arrests, the Plaintiff may be allowed to introduce the email, if he can lay a foundation showing why the sexual assaults of two freshman girls are relevant to the Plaintiff's claims. |
| 109 | SUSTAINED. Hearsay, Rule 403 |
| 111 | The Court will reserve, but the Plaintiff will need show why the membership of the football team is relevant in a year after the Plaintiff had quit the team. |
| 113 | The Court will reserve, but notes that a foundation will need to be laid to show relevance given that the laintiff was not yet a student. |
| 117 | The Court will reserve ruling on Ex. 117 until it determines that the Plaintiff has laid a foundation showing why sexual assaults of two freshman girls in February 2013 are relevant to his claims. |
| 118–120 | SUSTAINED as to the news articles themselves, which are hearsay and inadmissible under Rule 403. The content of these news stories and the details of the alleged sexual assaults are not relevant. The Court will reserve as to the admissibility of evidence of the February 2013 sexual assaults until plaintiff has shown why they are relevant. |
| 121 | Court will reserve but will sustain the objection to the disciplinary records of individual students unless there is a foundation laid that defendants were or should have been aware of them at a relevant time. Even then, these documents will have to be redacted as they include items of extremely limited or no probative value (e.g., showing dirty cell phone pictures to friends) that could mislead the jury. |
| 123–129 | SUSTAINED. Relevance, Rule 403, opinions by persons not disclosed as experts, and hearsay. To the extent that Dr. Burgess relied upon these evaluations, she may identify them and indicate that she relied on them in formulating her opinions. However, the fact that she relied on them does not make them admissible. *See* Fed. R. Evid. 705. |

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
February 14, 2019